AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JOSE ROBERTO RIVERA-AGUILAR<br><br>*Defendant(s)* | Case No.<br>6:25-mj-1449 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 22, 2025__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Steve Lee, Border Patrol Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/2/2025

_____
Judge's signature

City and state: Orlando, FL

DAVID A. BAKER, US Magistrate Judge
_____
Printed name and title

STATE OF FLORIDA            CASE NO. 6:25-mj- 1449

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Steven Lee, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since August 23, 2010. I am currently assigned to the Orlando, Florida U.S. Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), Illegal Re-entry.

3. On April 22, 2025, Florida Highway Patrol (FHP) contacted the Orlando Border Patrol Station in reference to the defendant Jose Roberto RIVERA-AGUILAR. RIVERA-AGUILAR was the subject of a traffic investigation by FHP in Orange County. Specifically, FHP conducted a traffic stop of a vehicle at Oak Ridge Road and Rio Grande Avenue in Orlando, Florida, where they encountered RIVERA-AGUILAR (who was a passenger in the vehicle). During their investigation, officers gathered personal identifying information (e.g., name, date of birth, place of birth) from RIVERA-AGUILAR. This information was subsequently shared with CBP, which led myself and another agent to go out to the scene and communicate with RIVERA-AGUILAR. During this interaction, I identified myself as a U.S. Border Patrol Agent and asked RIVERA-AGUILAR questions regarding his identity and citizenship, to which he provided his name and stated that he is a Honduran citizen and that he did not have any documentation allowing him to be in, pass through, or remain in the United States. Accordingly, RIVERA-AGUILAR was arrested and transported to the Orlando Border Patrol station for further processing.

4. CBP record checks on RIVERA-AGUILAR's biographical information confirmed that he is a citizen and national of Honduras with no lawful immigration status in the United States. He also has an alien file, under his unique alien number (AXXX XXX 953), containing all his immigration history. The FBI number associated with his fingerprints in that file match the processing fingerprints of RIVERA-AGUILAR, the latter of which were rolled at the Orlando Border Patrol station.

5. Documents contained in RIVERA-AGUILAR's alien file establish that he was arrested by Border Patrol on April 11, 2014, and was ordered deported/removed from the United States to Mexico by a Designated Official on April 12, 2014. RIVERA-AGUILAR was then physically deported/removed from the United States to Honduras on April 24, 2014, through San Antonio, Texas. There is no record of the Attorney General of the United States and/or the U.S. Secretary of the Department of Homeland Security giving RIVERA-AGUILAR consent to apply for readmission to the United States.

6. On April 24, 2025, the United States submitted a Criminal Complaint (the "First Complaint") which contained my initial affidavit alleging the above factual basis establishing probable cause for RIVERA-AGUILAR's violation of 8 U.S.C. § 1326(a). The First Complaint was signed by the Honorable Daniel C. Irick on that same date.

7. On that same date, with RIVERA-AGUILAR present, the court held an initial appearance where RIVERA-AGUILAR received a colloquy from the court of his rights. Further, the United States informed RIVERA-AGUILAR of the nature of the charge contained in the First Complaint and the associated maximum penalties. When detention was addressed, the United States moved for detention. Following this motion, the court raised several inquiries that led to its direction of the United States to file a brief that would address said inquiries by May 1, 2025. In the meantime, the court held RIVERA-AGUILAR in custody based on Section 3142(d). Additionally, the court set both a detention hearing and preliminary

examination for May 2, 2025. I was personally present for the entirety of these proceedings that took place on April 24, 2025, and was aware that I needed to be present in court on May 2, 2025, to testify to the probable cause underlying the First Complaint during the preliminary examination portion of the proceedings.

8. On May 2, 2025, I forgot about the hearing and was not present in court when the court began the preliminary examination. Therefore, the United States could not move forward on the preliminary examination. Without any evidence before the court, it dismissed the First Complaint without prejudice.

9. Based on the foregoing, I believe that there is probable cause that Jose Roberto RIVERA-AGUILAR was deported and removed from the United States and entered or was found to be voluntarily in the United States thereafter, in violation of 8 U.S.C. § 1326(a).

Therefore, I respectfully request that the Court issue the attached criminal complaint charging Jose Roberto RIVERA-AGUILAR with the aforementioned federal offense.

This concludes my Affidavit.

*Steven Lee*

Steven Lee
Border Patrol Agent

Subscribed and sworn to before me
This 2‾ day of ~~April~~ May, 2025.

HON. DAVID A. BAKER
United States Magistrate Judge

5